Filed 10/3/16  P. v. Rosier CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E066382 |
| v. | (Super.Ct.No. RIF1500914) |
| BRIAN KENNETH ROSIER, | O P I N I O N |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Bambi J. Moyer, Judge.  Affirmed.

Leslie A. Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, Brian Kenneth Rosier, plead guilty to possession of marijuana while incarcerated (count 1; Pen. Code, § 4573.8) and deterring and preventing an officer from performing his duties by means of threats and violence (count 3; Pen. Code, § 69). Defendant additionally admitted he suffered three prior strike convictions and two prior prison terms. Pursuant to his plea agreement, the court sentenced defendant to an aggregate term of imprisonment of eight years.

After both counsel and defendant filed notices of appeal, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and identifying four potentially arguable issues: (1) whether defendant's waiver of his right to appeal was valid; (2) whether the court abused its discretion by denying defendant's request for a certificate of probable cause; (3) whether defendant's guilty plea was constitutionally valid; and (4) whether there was a sufficient factual basis for the plea. We affirm.

## I. PROCEDURAL HISTORY

The People charged defendant by felony complaint with possession of marijuana while incarcerated (count 1; Pen. Code, § 4573.8), possession of marijuana for sale (count 2; Health & Saf. Code, § 11359), deterring and preventing an officer from performing his duties by means of threat and violence (count 3; Pen. Code, § 69), battery while incarcerated (count 4; Pen. Code, § 4501.5), and unlawful force causing serious bodily injury (count 5; Pen. Code, § 243, subd. (d)). The People additionally alleged

2

defendant had personally inflicted great bodily injury in his commission of the count 5 offense (Pen. Code, §§ 12022.7, subd. (a), 1192.7, subd. (c)(8)), had suffered three prior strike convictions (Pen. Code, §§ 667, subds. (c), (e)(2)(A), 1170.12, subd.(c)(2)), and had suffered four prior prison terms (Pen. Code, § 667.5, subd. (b)).

Defendant entered into a plea agreement in which he pled guilty to counts 1 and 3, admitted he had suffered two prior prison terms, and admitted all three prior strike convictions. In return, defendant received an aggregate term of incarceration of eight years and the additional charges and allegations were dismissed.

As part of his plea agreement, defendant initialed provisions reflecting he had been advised of his rights, understood the consequences of the plea, and was under no threats or pressure to enter into the plea. Defendant initialed a provision indicating he had had adequate time to discuss the matter with his attorney. Defendant waived his right to appeal. Defendant initialed the provision providing a factual basis for the plea in that he had done the things stated in the charges he admitted. Defendnt signed the agreement indicating: "I have read and understand this entire document. I waive and give up all of the rights that I have initialed. I accept this Plea Agreement." Defendant's attorney signed the agreement reflecting he was satisfied defendant understood his constitutional rights, had an adequate time to discuss the case, and understood the consequences of his plea.

Before entering his plea, the court asked defendant if he understood the charges against him; defendant responded that he did. The court explained the plea agreement to defendant; defendant indicated he understood the agreement. The court asked if defendant had read and understood everything in the agreement; defendant responded he had and did. The court asked if defendant had any questions; defendant responded he did not. The court asked defendant if any additional promises had been made or whether he was under any threat to enter the plea; defendant responded "No."

The court asked if defendant wanted additional time to speak with his attorney; defendant responded that he did not. The court asked if defendant was under the influence of any drugs which would affect his ability to think rationally; defendant responded that he was not.

The court took defendant's plea. The parties stipulated that the factual basis for the plea could be taken from the felony complaint. The court asked defendant if it was true he had done the things alleged; defendant responded that it was. The court found defendant understood the charges against him, the consequences of the plea, entered into the plea freely and voluntarily, and that defendant had knowingly and intelligently waived his constitutional rights.

At the next hearing, defense counsel indicated he had received a letter from defendant asking to withdraw the plea. Defense counsel indicated the letter would

4

require a *Marsden*[1] hearing. Counsel stated it was not clear upon what basis defendant was requesting to withdraw his plea.

During the *Marsden* hearing, defendant stated that when he entered the plea he was taking psychiatric medications for anxiety because he felt threatened by the People due to the amount of time he was facing if he were found guilty on all the counts and allegations in the complaint. Defendant said he was not dissatisfied with his representation. The court stated that the motion to withdraw the plea must be done by noticed motion to give the People the opportunity to respond. The court denied the *Marsden* motion. The court continued the matter to allow counsel to investigate any bases for filing a motion to withdraw the plea.

At the next hearing, the court sentenced defendant. No mention was made of the motion to withdraw the plea. Defense counsel filed a notice of appeal requesting a certificate of probable cause as defendant "has discovered a witness who may be able to provide new information or evidence about his case." The court denied the request, noting that defendant had waived his right to appeal as part of his negotiated plea.

## II. DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

---

[1] *People* v. *Marsden* (1970) 2 Cal.3d 118.

## III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____

J.

We concur:

RAMIREZ_____

P. J.

SLOUGH_____

J.